## Case No. 2,353.

### CAMPBELL v. BARCLAY.

[5 Biss. 179.][1]

Circuit Court, N. D. Illinois. Oct., 1870.

PATENTS—DAMAGES FOR INFRINGEMENT.

1. The price for which the plaintiff has sold his rights to certain territory is no criterion by which to determine the value of his patent, or the damages sustained from its infringement.

2. Nor is such damages to be estimated solely by the profits which the defendant actually realized, for he may have conducted his business unskillfully.

3. The true question is, what advantage might the defendant, by skill, have obtained by using the patented device instead of the old device.

Action at law to recover damages for an alleged infringement of letters patent, dated in 1865, granted by the United States to the plaintiff for an improved tool for making metallic seams for showcases.

Merriam & Alexander, for plaintiff.

Eldridge & Tourtelotte, for defendant.

BLODGETT, District Judge, after describing to the jury the characteristics of the patent, and it being admitted that the defendant infringed the plaintiff's patent, instructed the jury as to the rule for computing the damages, as follows:

The mere infringement of the plaintiff's patent entitles the plaintiff to nominal damages, without any proof as to the actual amount of damage sustained; but if the plaintiff seeks to recover more than nominal damages, he must show the extent of the damage he has sustained, and recover by that proof.

1. The price for which the plaintiff has

sold his rights to certain territory is no criterion by which to determine the value of his patent or the damage sustained by its infringement in the territory retained. Inventors are frequently compelled by stress of poverty or force of circumstances, to dispose of some part of their rights in the thing invented at much lower rates than they and others know them to be worth. The fact that the inventor has sold or given away some portion of a patented right is no justification to another who has wrongfully infringed upon the rights retained.

2. Nor is the amount of damages to be measured solely by the profits which the defendant realized by the use of the patent, because he may have conducted his business in so unsuccessful a manner as to have made no profits, notwithstanding the use of the patent. In other words, he might have lost money in the business whether he used the patented tool or used the old-fashioned implement.

The true question is, what advantage, if any, did the defendant obtain, or might he by skill have obtained, by using this patented device, over the use of the old device or process to obtain the same end, and what does the evidence show such advantage to amount to in money, as nearly as you can reduce the same to money? The plaintiff has a right to a fair compensation under the evidence for the infringement of his right, but at the same time the damages awarded must not be oppressive or vindictive.

Verdict for plaintiff, and damages assessed at $300.